IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CYNTHIA GILL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:16-CV-103 (MTT) ) |
| RESCARE BEHAVIOR SERVICES, INC., | ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court is Defendant ResCare Behavior Services, Inc. (RBS)'s Motion for Summary Judgment (Doc. 12) and Plaintiff Cynthia Gill's Motion to Substitute Defendant (Doc. 14). For the following reasons, RBS's Motion for Summary Judgment (Doc. 12) is **GRANTED**, and Gill's Motion to Substitute Defendant (Doc. 14) is **DENIED**.

## I. BACKGOUND

On March 14, 2016, Gill filed a claim pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.*, seeking unpaid overtime compensation and liquidated damages under 29 U.S.C. § 216(b). Doc. 1 at 1-3. Her complaint states RBS was her employer and failed to pay her at the proper overtime rate for hours worked in excess of 40 hours per week during calendar year 2015. *Id.* at 2. RBS moves for summary judgment, arguing Southern Home Care Services (SHCS), and not RBS, employed Gill during the relevant time period. Doc. 12-1 at 1.

## II. RBS'S MOTION FOR SUMMARY JUDGMENT

**A. Summary Judgment Standard**

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant may support its assertion that a fact is undisputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). "When the [nonmovant] has the burden of proof at trial . . . the moving party simply may . . . point[ ] out to the district court . . . that there is an absence of evidence to support the [nonmovant]'s case" or provide "affirmative evidence" showing that the nonmovant cannot prove its case. *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437-38 (11th Cir. 1991) (quotation marks omitted) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). The burden then shifts to the nonmovant, who must rebut the movant's showing "by producing . . . relevant and admissible evidence beyond the pleadings." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011) (citing *Celotex*, 477 U.S. at 324). Where a party fails to address another party's assertion of fact as required by Rule 56(c), the Court may "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

**B. Discussion**

Under the FLSA, an "employer" is liable to its employees for "the amount of . . . unpaid overtime compensation" for hours worked in excess of 40 hours in a week. 29

U.S.C. § 216(b). The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). Here, RBS has maintained that SHCS, and not RBS, was Gill's employer during the relevant time period. *See, e.g.*, Docs. 4 at 1, 4; 7 at 2; 10 at 1. In its Statement of Undisputed Facts, RBS states "[n]either RBS, nor any manager affiliated with RBS, controlled the terms or conditions of [Gill]'s employment" at any point during 2015 and that "[Gill] was employed exclusively by SHCS." Doc. 12-1 at 7. Thus, RBS argues it cannot be liable to Gill for any unpaid overtime compensation and is entitled to summary judgment. *Id.* at 1-2. In responding to RBS's Motion for Summary Judgment, Gill does not dispute that SHCS was Gill's employer. Neither does Gill argue that RBS and SHCS were in a "joint employer" relationship, despite attaching communication to Gill from companies entitled "ResCare HomeCare Perry" and "Res-Care Inc."[1] Doc. 14-2. Instead, Gill, as discussed below, seeks to substitute SHCS as a defendant. Doc. 14 at 5. Therefore, it is undisputed that RBS did not employ Gill and cannot be liable for the unpaid overtime. Accordingly, RBS is entitled to judgment as a matter of law and its Motion for Summary Judgment is **GRANTED**.

### III. **GILL'S MOTION TO SUBSTITUTE DEFENDANT**

In response to RBS's Motion for Summary Judgment, Gill moved to substitute SHCS as a defendant on January 17, 2017—nearly seven months after she was first notified that RBS denied employing Gill. *Id.* at 5. Gill argues RBS will not be prejudiced by allowing amendment and that allowing such an amendment is justified based on the circumstances of the case. *Id.* at 5-7. However, according to the Scheduling and

---

[1] RBS's counsel clarified in the April 24 teleconference that these organizations are separate and distinct from the named defendant in this case, ResCare Behavior Services, Inc.

Discovery Order agreed to by the parties, the deadline to amend was August 5, 2016. Doc. 7 at 6. When a court has entered a scheduling order and the deadline to amend has passed, a party must show good cause to allow amendment. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("[B]ecause [the plaintiff]'s motion to amend was filed after the scheduling order's deadline, [the plaintiff] must first demonstrate good cause under Rule 16(b) before [the court] will consider amendment."); *see also* Fed. R. Civ. Pro. 15(a) and 16(b). Substitution of a party is such an amendment that requires a showing of good cause. *See, e.g.*, *Wallner v. MHV Sonics, Inc.*, 2011 WL 5358749, at *3 (M.D. Fla.); *Great N. Ins. Co. v. Ruiz*, 688 F. Supp. 2d 1362, 1376 (S.D. Ga. 2010); *Abernathy v. City of Cartersville*, 642 F. Supp. 529, 535 (N.D. Ga. 1986). Here, Gill has failed to make such a showing. Gill states she believed the parties had stipulated to all factual issues, leaving only the legal issues to be determined. Doc. 14 at 2-3. Thus, Gill apparently argues she was unaware that this issue needed to be addressed until it was raised on summary judgment. The record shows otherwise.

RBS notified Gill that it denied employing her and that SHCS was her employer several times prior to its Motion for Summary Judgment. *See, e.g.*, Doc. 4 at 1, 4 (Answer, May 16, 2016: "RBS did not employ [Gill] . . . RBS denies that it employed [Gill]."); Doc. 7 at 2 (Proposed Scheduling and Discovery Request, June 22, 2016: "[RBS] contends (1) it was not [Gill]'s employer . . . ."); Doc. 10 at 1 (Stipulation and Request for Briefing Schedule, November 18, 2016: "[Gill]'s employer, Southern Home Care Services, Inc. ('SHCS') classified her as exempt under the FLSA's companionship exemption, 29 U.S.C. § 213(a)(15)."). Despite this, Gill failed to amend her claim or even address this issue until RBS raised it on summary judgment. This is not such an

"inconsequential pleading error[]" that warrants amendment under Rule 15 to prevent "unjust advantage" to an opposing party. *Marco's Franchising, LLC v. Marco's Italian Express, Inc.*, 239 F.R.D. 686, 688 (M.D. Fla. 2007). Rather, Gill's inaction regarding the employer issue depicts inattention and a lack of diligence. Gill points to emails between the parties to support her assertion that the parties had agreed to stipulate to all factual issues. Docs. 14 at 2-3; 14-1. However, these emails do not address the issue of whether RBS employed Gill, and nothing in the emails suggests that RBS would stipulate that it was Gill's employer or that it would waive its defense that Gill had sued the wrong party. In fact, the stipulation agreed to by Gill prior to briefing for summary judgment explicitly states that SHCS employed Gill. Doc. 9 at 1 ("[Gill]'s employer, Southern Home Care Services, Inc. ('SHCS') . . . ."). Thus, Gill has not shown good cause to allow amendment, and her Motion to Substitute Defendant is **DENIED**.

## IV. CONCLUSION

RBS's Motion for Summary Judgment (Doc. 12) is **GRANTED**, and Gill's Motion to Substitute Defendant (Doc. 14) is **DENIED.** Accordingly, Gill's complaint is **DISMISSED without prejudice**.[2]

---

[2] The Court does not address the remaining arguments in RBS's Motion for Summary Judgment and does not otherwise address the merits of Gill's claim, specifically whether *Home Care Ass'n of Am. v. Weil*, 799 F.3d 1084 (D.C. Cir. 2015), should be applied retroactively. Moreover, the grant of summary judgment to RBS does not affect potential liability on the part of Gill's actual employer. The Court also notes that FLSA claims have a two-year statute of limitations and a three-year statute of limitations if the defendant committed "a willful violation." 29 U.S.C. § 255(a). A FLSA claim accrues when a plaintiff is improperly compensated for a pay period, and "[e]ach failure to pay overtime constitutes a *new* violation of the FLSA." *Knight v. Columbus*, 19 F.3d 579, 581 (11th Cir. 1994) (citing *Hodgson v. Behrens Drug Co.*, 475 F.2d 1041, 1050 (5th Cir.1973)). Based on Gill's allegations, the first of her claims accrued in January 2015 and continued until the end of calendar year 2015 when she was first not paid overtime compensation she was allegedly owed. *See* Doc. 1 at 2.

**SO ORDERED**, this 4th day of May, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
